| | |
|---|---|
| Maria FERMAN<br>208 Cedar Avenue<br>Gaithersburg, MD 20877<br><br>    Plaintiff<br><br>     v.<br><br>LIVIA INC.<br>15209 Rockville Pike<br>Rockville, MD 20850<br>SERVE ON:<br>    Roger SAMEK, Esq., Resident Agent<br>    15245 Shady Grove Road #300<br>    Rockville, MD 20850<br><br>AND<br><br>Enzo LIVIA<br>15209 Rockville Pike<br>Rockville, MD 20850<br><br>AND<br><br>Sandra LIVIA<br>15209 Rockville Pike<br>Rockville, MD 20850<br><br>    Defendants | UNITED STATES DISTRICT<br>COURT FOR THE DISTRICT<br>OF MARYLAND<br><br><br>CIVIL DOCKET<br><br><br>CASE NO:<br><br>_____ |

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Maria Ferman ("Mrs. Ferman") through counsel T. Bruce Godfrey of Jezic & Moyse, LLC, brings this action on behalf of herself against Defendants LIVIA, INC., Mr. Enzo LIVIA ("Mr. Livia") and Sandra LIVIA ("Mrs. Livia" and, together with Mr. Livia, "the Owners") for violations of the United States Fair Labor Standards Act of 1938 (29 USC §201 et seq.), the Maryland Wage and Hour Law (Md. Code Ann. §§ 3-401, 3-415, et al.) and the Maryland Wage Payment and Collection Act (Md. Ann. Code, LE §

Maria FERMAN
208 Cedar Avenue
Gaithersburg, MD 20877

     Plaintiff

     v.

LIVIA INC.
15209 Rockville Pike
Rockville, MD 20850
SERVE ON:
     Roger SAMEK, Esq., Resident Agent
     15245 Shady Grove Road #300
     Rockville, MD 20850

AND

Enzo LIVIA
15209 Rockville Pike
Rockville, MD 20850

AND

Sandra LIVIA
15209 Rockville Pike
Rockville, MD 20850

     Defendants

UNITED STATES DISTRICT
COURT FOR THE DISTRICT
OF MARYLAND

CIVIL DOCKET

CASE NO:
_____

## COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff Maria Ferman ("Mrs. Ferman") through counsel T. Bruce Godfrey of
Jezic & Moyse, LLC, brings this action on behalf of herself against Defendants LIVIA,
INC., Mr. Enzo LIVIA ("Mr. Livia") and Sandra LIVIA ("Mrs. Livia" and, together with Mr.
Livia, "the Owners") for violations of the United States Fair Labor Standards Act of 1938
(29 USC §201 et seq.), the Maryland Wage and Hour Law (Md. Code Ann. §§ 3-401, 3-
415, et al.) and the Maryland Wage Payment and Collection Act (Md. Ann. Code, LE §

3-501 et seq.) for unpaid overtime and unpaid withheld wages for the failure to pay applicable overtime wages.

## JURISDICTION AND VENUE

1. This Honorable Court has non-exclusive subject matter and personal jurisdiction over this Complaint because:

    a. The wrongful acts herein described occurred within Montgomery County, Maryland within the District of Maryland;

    b. Defendants all maintain regular places of business within the District of Maryland at Livia, Inc.'s, primarily business location; and

    c. Mrs. Ferman asserts a federal claim under 28 USC §1331 and related state law claims involving similar issues and facts under the supplemental jurisdiction of this Court under 28 USC §1367

2. For similar grounds, venue is proper before this Honorable Court.

## PARTIES

3. Mrs. Ferman is an adult resident of Gaithersburg, Maryland who was, as contemplated under the definition of "employee" under 29 U.S.C. §203(e), employed during times relevant by Defendants as a kitchen employee at Il Pizzico, a restaurant owned and managed by Defendants in Rockvile Maryland.

4.  Defendant Livia, Inc. is a Maryland corporation bearing the surname of Mr. Livia and, per belief, formed at his behest for the operation of an Italian restaurant under the trade name and trademark "Il Pizzico."

5.  Mr. Livia is an adult and, upon information and belief, a resident of Montgomery County who with co-Defendant Mrs. Livia owns and runs Il Pizzico, a restaurant licensed to do business and to sell beverage alcohol in Rockville, Montgomery County, Maryland.

6.  Mrs. Livia is an adult and, upon information and belief, a resident of Montgomery County who with co-Defendant Mr. Livia owns and runs Il Pizzico, a restaurant licensed to do business and to sell beverage alcohol in Rockville, Montgomery County, Maryland. The majority of the wines listed on Il Pizzico's website (http://www.ilpizzico.com/wine/, last accessed June 22, 2016) are from Italy; accordingly a non-trivial portion of Defendants' business constitutes interstate commerce between, *inter alia*, the Republic of Italy and the State of Maryland.

7.  Upon information and belief, the Owners own the overwhelming bulk of the stock of Livia, Inc., exert actual control over the time, wages and compensation of Livia, Inc.'s, employees and are in actual economic effect the owners of Il Pizzico and of Livia, Inc. Accordingly

## **FACTS**

3

8. The foregoing paragraphs are incorporated by reference as though fully set forth herein.

9. Defendants employed Mrs. Ferman for approximately 19 years continuously as a non-exempt kitchen employee until May 22, 2016. In this employment, Mrs. Ferman worked approximately 60 hours per week.

10. Mrs. Ferrman's work duties and work time did not fall under any applicable exemption from the requirements of the U.S. Fair Labor Standards Act, the Maryland Wage Payment and Collection Law or Maryland Wage and Hour Act.

11. Defendants paid to Mrs. Ferman every two weeks the approximate sum of $1153.85, but did not pay overtime for her hours worked in excess of 40 hours per week.

12. Mrs. Ferman's regular rate of pay was approximately $9.62 per hour; accordingly her applicable overtime compensation was $14.43/hour, but Defendants did not pay this compensation.

13. The failures and refusals of the Defendants to pay required overtime compensation as required by U.S. law and Maryland law have been willful by deliberate scheme and without good faith excuse.

14. Maryland law requires all employers to maintain compensation and time records for all employees. Md. Code Ann. LE §3-424. Accordingly a precise calculation of Mrs.

4

Ferman's lawful damages from unpaid overtime is not fully possible without a comprehensive review of the payroll and time records maintained by the Defendants pursuant to Maryland law.

15. It appears, subject to confirmation and adjustment, that Mrs. Ferman is entitled to base overdue overtime compensation of $4.81 per hour, $96.20 per week for approximately 153 weeks of pay within the statute of limitations or $14718.60, exclusive of double or treble exemplary damages, punitive damages, interest or attorney's fees. Mrs. Ferman reserves the right to adjust this calculation down or up to conform to applicable proof in a manner consistent with applicable rules and fundamental fairness to the Defendants.

16. The Maryland Wage Payment and Collection Act, Md. Code Ann. LE §§ 3-507 to 3-507.2, allows for a treble damages remedy to a worker whose wages remain unpaid to her for longer than 14 days beyond their wage payment due date; accordingly statutory exemplary treble damages for unpaid wages to Mrs. Ferman under that act may exceed, together with base pay, $44,155.80.

17. Mrs. Ferman's last date of employment was May 22, 2016; accordingly more than 14 days have passed since the due date of the latest lawful overtime payment.

<u>COUNT I</u>
<u>VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT</u>
<u>OVERTIME WAGES EARNED BUT NOT PAID</u>

18. Mrs. Ferman incorporates by reference all preceding paragraphs of this Complaint.

19. Defendants employed Mrs. Ferman from approximately 1997 until May 22, 2016 in non-exempt duties as defined under the Fair Labor Standards Act.

20. Defendants paid to Mrs. Ferman the regular wage of approximately $9.62 per hour, but failed to compensate Mrs. Ferman for overtime work and pay.

21. Mrs. Ferman worked for Defendants approximately 60 hours per week for approximately 153 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint.

22. Defendants failed or refused to pay overtime to Mrs. Ferman for work performed in excess of 40 hours per week.

23. As a result of Defendants' failure to pay overtime wages pursuant to the Fair Labor Standards Act, Mrs. Ferman stands aggrieved of her unpaid overtime in the estimated base amount of $14,718.60, exclusive of liquidated damages, interest, costs, and attorney's fees.

24. Liquidated damages lie in the amount of double the unpaid wages under the Fair Labor Standards Act.

6

25. Defendants' conduct was willful and therefore the three-year statute of limitations under the Fair Labor Standards Act for willfulness should apply.

WHEREFORE Mrs. Ferman respectfully requests that this Honorable Court award him a judgment against Defendants jointly and severally in the amount of $29,437.20 in unpaid overtime wages and liquidated double damages pursuant to law, applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

## COUNT II
## MARYLAND WAGE AND HOUR LAW
## OVERTIME WAGES EARNED BUT NOT PAID

26. Mrs. Ferman incorporates by reference all preceding paragraphs of this Complaint.

27. Defendants employed Mrs. Ferman from 1997 until May 22, 2016 in non-exempt duties as defined under the Maryland Wage and Hour Law.

28. Defendants paid to Mrs. Ferman the regular wage of $9.62 per hour but failed to pay any sums whatsoever for work exceeding 40 hours per week.

29. Mrs. Ferman worked approximately 60 hours per week for approximately 153 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint.

7

30. Defendants failed or refused to pay overtime to Mrs. Ferman for work performed in excess of 40 hours per week.

31. As a result of Defendants' failure to pay overtime wages pursuant to the Maryland Wage and Hour Law, Md. Code Ann. LE section 3-401 *et seq.* Mrs. Ferman stands aggrieved of her unpaid overtime in the base amount of $14,718.60, exclusive of liquidated damages, interest, costs, and attorney's fees.

WHEREFORE Mrs. Ferman respectfully requests that this Honorable Court award her a judgment against Defendants jointly and severally in the amount of $29,437.20 in unpaid overtime wages and statutory liquidated double damages, applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

### COUNT III
### WAGE PAYMENT AND COLLECTION ACT VIOLATION
### Md. Ann. Code, Labor and Employment Article, §3-507.2

32. Defendants employed Mrs. Ferman from 1997 until May 22, 2016 in non-exempt duties as defined under the Fair Labor Standards Act.

33. Defendants paid to Mrs. Ferman the regular wage of approximately $9.62 per hour, but failed to compensate Mrs. Ferman for overtime work and pay.

34. Mrs. Ferman worked approximately 60 hours per week for approximately 153 out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint.

35. Defendants failed to Mrs. Ferman unpaid overtime wages in the amount of approximately $14,718.60, exclusive of exemplary treble damages, costs, interest or attorneys' fees.

36. Maryland law provides for a treble damages remedy to workers for unpaid wages under the aforementioned Maryland Wage Payment and Collection Act when the non-payment is not the result of a good faith dispute; this law is applicable to unpaid overtime wages as well.

37. No good faith dispute exists as to the right of Mrs. Ferman to collect overtime compensation for her overtime worked.

38. More than 15 days have passed since the due date of Mrs. Ferman's last full paycheck for her last period of employment.

WHEREFORE Mrs. Ferman respectfully requests that this Honorable Court enter a judgment against Defendants in an amount in excess of $14,718.60 for unpaid wages, statutory treble damages of $29,437.20 for a total of $44,155.80, plus interest, costs and attorneys' fees as authorized by statute or rule.

9

## JURY TRIAL DEMAND

Mrs. Ferman respectfully demands a trial by jury on all matters triable by a jury under

applicable law and rules.


Respectfully submitted,


T. Bruce Godfrey
Jezic & Moyse, LLC
2730 University Boulevard West #604
Wheaton, MD 20902
(240) 292-7200
fax 1-240-292-7225
godfrey@jezicfirm.com

## AUTHORIZATION TO FILE SUIT

I _Maria Feraa_ do authorize my attorney Bruce Godfrey to file this lawsuit regarding my claims for unpaid wages including unpaid overtime wages under the Fair Labor Standards Act of the United States.

Yo _Maria Feraa_ autorizo a mi abogado Bruce Godfrey para presentar esta demanda con respecto a mis reclamos por salarios no pagados, incluyendo pago de horas extras (overtime) no pagadas segun la "Fair Labor Standards Act" de los Estados Unidos.


_22 June 2016_          _M.F.F._
**Date/Fecha**              **Signature/Firma**

11