**IN THE UNITED STATES DISTRICT COURT<br>
<u>FOR THE DISTRICT OF MARYLAND</u>**<br>
*Southern Division*

|  |  |
|---|---|
| **Maria Ferman** | * |
| **Plaintiff,** | * |
| v. | Case No.: PX-16-2334 |
| **Livia, Inc., et. al** | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Maria Ferman (Plaintiff) and Defendants Livia Inc., Enzo Livia and Sandra Livia (collectively, "Defendants"), jointly move for approval of a settlement agreement. Plaintiff filed this action alleging that Defendants denied her overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq*., and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 1.

The Court has reviewed the Complaint, the parties' Joint Motion for Approval of Settlement Agreement, and the Settlement Agreement and Release. ECF Nos. 7, 8, 9. For the reasons explained below, the Court finds that *bona fide* disputes exist under the FLSA, the settlement agreement is a fair and reasonable compromise of the disputes, and the attorney's fees are reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Leigh v. Bottling Group, LLC*, No. DKC 10-0218, 2012 WL 460468, at * 4 (D. Md. Feb.

10, 2012); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. BACKGROUND

For nineteen years, Plaintiff Ferman worked for Defendants as an hourly employee in the kitchen of Defendants' restaurant, IL Pizzico. ECF No. 1 at ¶¶ 7-9. Plaintiff alleges that she was denied overtime wages during this time period for hours worked in excess of forty hours per work week. *Id.* ¶¶ 12-16. Plaintiff filed the initial Complaint on June 23, 2016. The parties engaged in early and fruitful settlement negotiations. ECF No. 7-1 at 2. On September 15, 2016, the parties submitted the Joint Motion for Settlement Approval. *Id.*

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d. 404, 407 (D. Md. 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (emphasis added). To do so, courts examine whether there are FLSA issues

actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 30 F. Supp. 3d at 408 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. Bona Fide Dispute

In determining whether a bona fide dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinkernoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, the parties agree that bona fide disputes exist regarding the extent of Plaintiff's overtime and her hourly wage. Whether Plaintiff is entitled to overtime wages as a covered employee under the FLSA is a fact-specific inquiry that is frequently at the heart of FLSA litigation. *See, e.g.*, *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006). Further, the parties also agree that bona fide disputes exist with regard to whether Plaintiff's claims are covered by the MWPCL. ECF No. 7-1 at 4. Accordingly, this factor is satisfied.

### C. Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs'

>success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955, at *10. Here, the parties exchanged quickly after suit informal discovery and participated in prompt, efficient discussions. *Id*. at 5. Thus, the parties had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to trial of this case." *Lomascolo*, 2009 WL 3094955 at *11.

No evidence suggests that the parties engaged in any fraud or collusion in the settlement. Under the settlement agreement, Plaintiff will receive $12,890 including $3,890.00 in liquidated damages above her base unpaid overtime wages. ECF No. 7-1, p. 3. This award amounts to roughly 87.5% of the base overtime as calculated by Plaintiff (and 143.33% as calculated by Defendants) after legal fees and costs. *Id.* at 4. "In light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013) (citation and internal quotation marks and brackets omitted).

Finally, although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 30 F. Supp. 3d. at 410. Considering all of the above, the Court finds that the proposed settlement is fair and reasonable.

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiff has been represented by Bruce Godfrey, Esq. ECF No. 7-2. Mr. Godfrey has been admitted to the bar for twenty-two years and is experienced in this area. He has, to date, worked 11.2 hours in this case and anticipates a final total of no fewer than 13 hours billed. ECF No. 7-1, p. 5.  The contingency fee negotiated apart from Plaintiff's award is $4,500. *Id.* For 13 hours of work, the attorney's fees yield $346.15/hour, which is comfortably within the hourly range adopted in Appendix B of this Court's Local Rules.  Accordingly, the fee is presumptively reasonable. The Court, therefore, finds the attorney's fees and costs (an additional $610) to be fair and reasonable.

### III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement is GRANTED.

A separate Order shall issue.

Dated: <u>November 15, 2016</u>     /S/
                                                          PAULA XINIS
                                                          United States District Judge